UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NICHOLAS BRANDT,

**05 - 60241**

Plaintiff,

Civil Action No.

v.

**CIV - DIMITROULEAS**

FLANIGAN'S ENTERPRISES, INC.,

**COMPLAINT**

Defendant.

_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Acts of 1964 and Title I of the Civil Rights Act

of 1991 on discrimination basis of sex, namely, sexual harassment, against the Plaintiff because of

his sex, during his employment with the Defendant, which affected a term, condition or privilege of

his employment with the Defendant.  This action is also based upon state law causes of action for

negligent retention and intentional infliction of emotional distress, which are brought pursuant to

the supplemental jurisdiction of this Court.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367.  This

       action is authorized and instituted pursuant to §§706(F)(1)(3) of Title VII of the Civil

       Rights Act of 1964 as amended, 42 U.S.C. §2000e et seq.  (Title VII; §102 of the Civil

       Rights Act of 1991, 42 U.S.C. §1981.)

2.     The unlawful employment practices alleged herein were committed within the jurisdiction

       of the United State District Court for the Southern District of Florida.

## PARTIES

1.     Plaintiff, Nicholas Brandt, is a resident of Broward County residing at 3465 N.W. 44th



Street, Building 4, Apartment 106, Fort Lauderdale, Florida 33309, and has been so at all times pertinent to this action. Plaintiff is authorized to bring this action pursuant to §706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1). Plaintiff was employed by the Defendant in the capacity of an Assistant Sales Manager from approximately October 2003 through June 2004.

2.  Defendant, Flanagan's Enterprises, Inc. is a corporation duly organized and existing under the laws of Florida, which engaged in the business of liquor distribution, with its principal place of business located at 5059 N.E. 18th Avenue, Fort Lauderdale, Broward County Florida. Flanigan's Enterprises is duly registered with and authorized by the Office of the Secretary of State of Florida to do business in the State of Florida. Defendant also has a duly appointed Registered Agent in the State of Florida.

3.  Defendant has, at all times pertinent hereto, continuously been, and is now, an employer pursuant to §701 of Title VII, 42 U.S.C. §2000e(b), as a person engaged in industry affecting commerce, who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year as required by 42 U.S.C. §2000e-(b,g & b).

4.  Defendant operates a chain of restaurants and liquor stores known as Flanigan's and Big Daddy's Liquors. Plaintiff was employed by one of the liquor stores in this chain, more particularly described as Big Daddy's Package Store, which is located at 7003 Taft Street, Hollywood, Florida.

## CLAIM FOR SEXUAL HARRASSMENT

5.  All conditions precedent to the institution of this lawsuit has been fulfilled.

6.  On August 18, 2004, Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission, alleging that the

Defendant had committed an unlawful employment practice against the Plaintiff in violation of 42 U.S.C. §2000e within the preceding two months. A copy of the charge of discrimination is attached hereto and incorporated by reference as Exhibit "A". The EEOC issued a Notice of the Right to Sue letter to Plaintiff on December 6, 2004. A true and accurate copy of the Notice of the Right to Sue is attached hereto and incorporated by reference as Exhibit "B". The present action is being brought within ninety days of Plaintiff's receipt of the Notice of the Right to Sue.

7. Plaintiff is a male, age forty-eight, born on September 29, 1957. Plaintiff began working for Defendant in October 2003. From his hiring to June 2004, he worked for the Defendant as an Assistant Sales Manager trainee. During the course of his employment Plaintiff received approximately seven sales awards.

8. It was during the course of Plaintiff's employment at Defendant's establishment that the Defendant engaged in unlawful employment practices at the Defendant's store in violation of §703 of Title VII, 42 U.S.C. §2000e-2(a). These practices described in more detail below, consisted of verbal harassment of a sexual nature directed at the Plaintiff, a heterosexual married male, by Plaintiff's immediate Supervisor, Jeff Jones, who is upon information and belief, homosexual.

9. Plaintiff's immediate Supervisor, Jeff Jones, during working hours made numerous comments to Plaintiff with a graphic and explicit sexual nature, wherein Jeff Jones on a daily basis would graphically describe his homosexual lifestyle and homosexual sex, would make sexual advances toward the Plaintiff and would subject Plaintiff to vulgar homosexual remarks, innuendos and suggestions, and would otherwise embarrass and humiliate the Plaintiff by questioning the point as to why he did not wish to engage in homosexual activity and would encourage and invite Plaintiff to engage in such homosexual activity

with him.

10.  The conduct of Jeff Jones, as described above was done without the Plaintiff's consent. More specifically, said harassment included, but was not limited to incessant vulgar commentary regarding Mr. Jones' violent homosexual encounters and subsequent bruises, and his advice to Plaintiff that he would enjoy it and "should try it".

11.  Plaintiff at all times made it clear to Jeff Jones and to Jeff Govanni, the Package Store Supervisor, that the verbal harassment as mentioned above was unwelcome and on several occasions Plaintiff directed these employees to cease engaging in this type of behavior, yet the harassment continued.

12.  Defendant's employees were at all times alleged herein acting as agents of the Defendant and acting within the course and scope of their employment.

13.  Jeff Govanni, Package Store Supervisor, who on occasion witnessed the harassing behavior was acting as an agent of the Defendant in a Supervisory position with significant control over firing, hiring and the conditions of employment.

14.  On one occasion Jeff Jones came in to work wearing a kerchief around his neck, which was later removed to reveal numerous bruises. Jeff Jones asked the Plaintiff if he wanted to hear the nature of how the bruises were received, to which Plaintiff emphatically replied that he did not want to know. Jeff Jones, the immediate Supervisor at the 703 Taft Street liquor store location, revealed the bruises and the fact that they were the result a violent homosexual encounter with a large African-American male. Jeff Jones told the Plaintiff that the Plaintiff would love it and to "fuck the bitches".

15.  On a subsequent date the Plaintiff's wife called him at the store and Jeff Jones answered the phone making some derogatory remarks to her and telling the Plaintiff "never to let that bitch call back here again". Jeff Jones' comments as alleged above were in retaliation for

Plaintiff's rebuffing of Jeff Jones' behavior and his consistent request that the offensive verbal conduct not continue.

## SEXUAL HARRASSMENT

Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 2 above as set forth wherein.

16. The conduct of Jeff Jones and Jeff Govanni as alleged above affected a term, condition of privilege of the Plaintiff's employment.

17. The verbal harassment of Plaintiff by Jeff Jones as alleged above was unwelcome, and the Plaintiff at all times advised Jeff Jones and Jeff Govanni, that the harassment was unwelcome.

18. The verbal harassment of the Plaintiff by Jeff Jones as alleged above was of a sexual nature.

19. The verbal harassment of the Plaintiff by Jeff Jones as alleged above was sufficiently pervasive and severe to create an abusive and hostile work environment for the Plaintiff.

20. The conduct of Jeff Jones, as alleged above was engaged in while Defendant's employees were acting as agents of the Defendant in the scope of and during the course of their employment.

21. Defendant was fully informed and had sufficient knowledge of the material facts and circumstances relevant to the conduct of Jeff Jones and did nothing to prevent further acts of misconduct, and acquiesced in, approved and ratified the actions of Jeff Jones and is therefore liable for the actions of Jeff Jones and its employees.

22. The conduct of Jeff Jones and Defendant's employees, as alleged above, constitute sexual harassment in violation of the Plaintiff's rights under Title VI of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 in that they created a hostile work environment.

23. The actions of Jeff Jones, as alleged above were intentional and demonstrated a willful

wanton and or reckless indifference to the rights of the Plaintiff such that punitive damages should be assessed against the Defendant.

### SECOND CAUSE OF ACTION NEGLIGENT RETENTION

Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above as set forth wherein.

24.     The Defendant negligently, recklessly and maliciously retained Jeff Jones in its employ as a Supervisor, knowing or having reason to know that he had, prior to the employment of Plaintiff subjected other heterosexual male employees to verbal harassment of a sexual nature and knowing that he had subjected and was continuing to subject Plaintiff during his employment with the Defendant to verbal harassment of a sexual nature, all of which amounted to willful, wanton and intentional acts of misconduct by Jeff Jones while in the employ of the Defendant.

25.     The wrongful retention of Jeff Jones by the Defendant caused the Plaintiff to suffer emotional distress during his employ with the Defendant and continues to cause Plaintiff to suffer severe emotional distress.

26.     Plaintiff's emotional distress consists of shock, outrage and humiliation, reasonably likely to occur based on the sexual harassment he experienced in addition to the nature of the employer's response and its failure to take immediate and appropriate action in response thereto.

27.     The conduct of Jeff Jones as alleged above was committed while he was acting as a agent of Defendant in the scope of and during the course of his employment with Defendant.

28.     The Defendant, after being notified on several occasions by Plaintiff of its employee's sexual harassment of the Plaintiff, wantonly, willfully and or recklessly failed to bring an end to the harassment of the Plaintiff; and the Package Store Supervisor, Jeff Govanni,

while acting as an agent of the Defendant in fact participated and encouraged and allowed the sexual harassment of the Plaintiff by Jeff Jones to continue.

29.   The Defendant acted with knowledge that severe emotional distress to the Plaintiff was substantially certain to result and with reckless indifference to the likelihood that severe emotional distress to the Plaintiff would result from its actions.

30.   Defendant had sufficient knowledge of the material facts and circumstances regarding the actions of Jeff Jones in harassing the Plaintiff and did nothing to prevent further acts of misconduct acquiesced and approved and ratified the forgoing actions of Jeff Jones and its other employees.

31.   The conduct on behalf of Defendant's employees and Defendant as alleged above did in fact cause severe emotional distress to the Plaintiff.

### RETALIATION

The Plaintiff adopts and re-alleges paragraphs 1 through 31 as is fully set forth herein.

32.   Plaintiff engaged in a protected activity when he complained of the sexually harassing behavior of his co-worker and immediate Supervisor, Jeff Jones.

33.   Plaintiff suffered an adverse employment action.  Specifically, Plaintiff who was near the end of his training for the position of Assistant Manager, was denied this promotion, was transferred to an undesirable location in South Miami near the Metro Zoo, far from his home and was, in effect constructively discharged from his job.

34.   There exists a causal connection between Plaintiff's protective activity of complaining of the harassment and the subsequent adverse action.

35.   Plaintiff suffered damages as a result of the Defendant's retaliatory conduct.

### CONSTRUCTIVE DISCHARGE AND HOSTILE WORK ENVIRONMENT

The Plaintiff adopts and re-alleges paragraphs 1 through 35 as is fully set forth herein.

36. From October 2003 through June 2004, Plaintiff was employed at Defendant's facility located at 7003 Taft Street in Hollywood, Florida. Plaintiff's immediate Supervisor was Jeff Jones, who reported directly to Jeff Govanni.

37. Throughout his employment at Flannigan's Enterprises, Plaintiff encountered Jeff Jones, his immediate Supervisor on a regular basis. Defendant, through its Store Manager, Jeff Jones, and its Store Supervisor, Jeff Govanni, subjected the Plaintiff to sexual harassment. Said harassment included, but was not limited to, incessant vulgar commentary regarding Mr. Jones violent homosexual encounters in graphic detail and his advice to the Plaintiff that he would enjoy it and "should try it". This commentary was consistently made to Plaintiff, a married man, over the course of many months.

38. Plaintiff was forced to resign his employment because the Defendant's sexual harassment created intolerable working conditions. Additionally, after Plaintiff informed Jeff Govanni, the Package Store Supervisor, Plaintiff was first moved to a nearby location. He was then told that this was a mistake and that he was being returned to the same store to work with Jeff Jones, or he could transfer to an undesirable warehouse packaging location in South Miami. A reasonable person in Plaintiff's position would have found the working conditions at the packaging store in Hollywood or the transfer so intolerable that he would have been compelled to resign.

39. Defendant intended to make Plaintiff's working conditions intolerable because of his reporting the sexual harassment by Jeff Jones.

WHEREFORE, Plaintiff prays the Court for the following relief:

1. That the Court declare the actions of the Defendant to be in violation of Title VII of the Civil Rights Act of 1964, as amended, based on Plaintiff's sex.

2. That the Plaintiff be awarded compensatory damages from the Defendant in all causes of

action.

3.   That the Plaintiff be awarded punitive damages from the Defendant for their malicious and/or reckless conduct in an amount to be determined at trial.

4.   Grant Plaintiff back pay and reimbursement for lost fringe benefits, training and promotional opportunities and other appropriate relief to address the discriminatory practices complained of herein.

5.   That the cost of this action, including a reasonable attorneys fee be taxed against the Defendant.

6.   That all issues of fact be tried by a jury as provided by §102 of the Civil Rights Act of 1991.

7.   That Plaintiff have and recover such other and further relief as the Court may deem just proper.

Dated this ___ day of _____ 2005.

By:_____

ROBERT E. O'CONNELL, ESQ.
Florida Bar No.: 315842
MICHELLE I. REICHLER
Florida Bar No.: 584363
2500 N. Military Trail, Suite 220
Boca Raton, FL 33431
Telephone:    (561) 999-3250
Facsimile:     (561) 999-3249

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as req by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

BRANDT, NICHOLAS

**DEFENDANTS**

FLANIGAN'S ENTERPRISES, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

05-60241

TORRES.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ROBERT E. O'CONNELL, P.A.   561-999-3250
2500 N. MILITARY TRAIL, SUITE 220
BOCA RATON, FL 33431

ATTORNEYS (IF KNOWN)

CIV-DIMITROULEAS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   **BROWARD**   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

0:05 CV 60241-WPD-Torres

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
  Plaintiff

☒ 3 Federal Question
  (U.S. Government Not a Party)

☐ 2 U.S. Government
  Defendant

☐ 4 Diversity
  (Indicate Citizenship of Parties
  in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINT
(For Diversity Cases Only)   AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
  Proceeding

☐ 2 Removed from
  State Court

☐ 3 Remanded from
  Appellate Court

☐ 4 Reinstated or
  Reopened

☐ 5 Transferred from
  another district
  (specify)

☐ 6 Multidistrict
  Litigation

Appeal to Distric
Judge from
☐ 7 Magistrate
  Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC § 2000e, et. seq. - THIS IS A CLAIM FOR SEXUAL HARRASMENT WHILE IN THE COURSE AND SCOPE OF EMPLOYMENT IN VIOLATION OF THE CIVIL RIGHTS ACT

VIITH OF TRIAL
5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
FEBRUARY 14, 2005

SIGNATURE OF ATTORNEY OF RECORD
Michelle C. Fishel, Esq.

**OFFICE USE ONLY**

533308   250

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____